(76 South. 177)

No. 22507.

COX v. GRETNA ACADEMY.

(June 30, 1917.)

*(Syllabus by Editorial Staff.)*

1. CONSTITUTIONAL LAW ⊕⇒211, 278(1) — SCHOOLS AND SCHOOL DISTRICTS ⊕⇒5 — EQUAL PROTECTION OF LAWS—DUE PROCESS OF LAW.

An association incorporated by Act No. 153 of 1845 to maintain an academy had no stockholders, and the academy had no endowment, but was supported by voluntary contributions in which the donors retained no interest. The work of providing a free public school, for which the academy was designed, was being done by the public schools, and such contributions had ceased. None of the original contributors or those who contributed towards the purchase of the academy's grounds or building were living. Act No. 150 of 1916 provides for a judicial liquidation of such academy's affairs, and provides that after a sale of its property the liquidator

may refund to all living stockholders the amount of their stock subscription and turn over the balance to the board of school directors of the parish for reinvestment in the construction of a schoolhouse or the purchase of school equipment. *Held,* that such statute is not unconstitutional as divesting the corporation and its stockholders of their property without due process of law and denying to them the equal protection of the laws in violation of Const. art. 2, and Const. U. S. Amend. 14, as, on dissolution, the property of a charitable organization does not revert to the donors, and should not be divided among the members of the association, but should be devoted to the purposes most nearly akin to the intent of the donors.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 678; Schools and School Districts, Cent. Dig. §§ 6–8.]

2. STATUTES ⊕⇒80(1)—SPECIAL ACTS—LIQUIDATION OF CORPORATION.

Such statute is not unconstitutional as a special act providing for the liquidation of a corporation and the diversion of the assets thereof from the stockholders.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 86.]

3. CONSTITUTIONAL LAW ⊕⇒50—LEGISLATIVE FUNCTIONS—APPLICATION OF DOCTRINE OF CY PRES.

In this state the application of the funds of a charitable trust to the use approximating most nearly the one for which the fund was created is a function of the Legislature.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 48, 49.]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; John Ernest Fleury, Judge.

Proceeding by George A. Cox to liquidate the affairs of the Gretna Academy. From a judgment requiring the Union Seed & Fertilizer Company to accept title to real estate, it appeals. Affirmed.

Miller, Miller & Fletchinger, of New Orleans, for appellant. Andrew H. Thalheim, of New Orleans, for appellee.

PROVOSTY, J. Act 153, p. 90, of 1845, provides as follows:

"An act to incorporate the Gretna Academy.

"Whereas, F. V. Labarre, Gustave Leroy, W. A. High, D. McAfee, Charles Keiner, L. Kopp, W. Reilly and others have associated themselves together, and have by subscription purchased a house and lots from the St. Mary's Market Steam Ferry Company, valued at two thousand

dollars, and situated in the village of Gretna, suitable for an academy, which the said association wish conveyed in perpetuity from the said company, for an academy in Gretna:

"Section 1. Be it therefore enacted by the state and House of Representatives of the state of Louisiana, in General Assembly convened; that F. V. Labarre, Gustave Leroy, W. A. High, D. McAfee, Charles Keiner, L. Kopp, W. Reilly and others, and their successors in office be and are hereby incorporated a body politic under the name and style of 'the Gretna Academy,' and under this title are hereby made capable of suing and being sued, of making contracts, and of performing all the duties and functions incident and necessary to corporations of this description.

"Sec. 2. Be it further enacted, etc., that within thirty days after the promulgation of this act, a majority of the aforesaid named persons shall assemble and organize and receive a title for the aforesaid property in Gretna, in fee simple, and free of incumbrance for the Gretna Academy Association.

"Sec. 3. Be it further enacted, etc., that so soon as the aforesaid academy is incorporated, five directors shall be elected by giving ten days' notice; and hereafter annually on the first Monday in January five directors shall be elected by the subscribers to the association, those only being eligible to vote for directors of said academy who have subscribed five dollars and over.

"Sec. 4. Be it further enacted, etc., that the administration of said association shall be required to educate the indigent children in the first school district of the parish of Jefferson by receiving also the pro rata of the parish fund raised for that purpose, to make the school as near free as possible to be useful.

"Sec. 5. Be it further enacted, etc., that on a requisition of at least ten legal subscribers, directed to the president of said association, a general meeting of the subscribers thereto shall be called by the president or one of the directors, giving at least ten days' notice of the time and place of holding said meeting, when a majority of said subscribers as electors shall decide, or make such alterations and enactments as they may deem necessary for the good management and government of said academy.

"Sec. 6. Be it further enacted, etc., that the president and directors of said academy shall not contract any debt during their term of office of a greater amount than the probable income of said association for the time they are elected, without making those who vote for the same personally responsible.

"Sec. 7. Be it further enacted, etc., that any future Legislature shall have the power to repeal or amend this charter."

This act was approved by the Governor on March 10, 1845. On May 30, 1845, the Gretna Academy, acting through its president, purchased certain lots from the St. Mary's Mar-

ket Steam Ferry Company. Price $750. Whether this was the same "house and lots purchased from the St. Mary's Market Steam Ferry Company," mentioned in said act, the record does not show. Shortly before this purchase from the St. Mary's Market Steam Ferry Company, the said academy had, on March 17, 1845, purchased, for $500, other lots "with the buildings and improvements thereon." The real estate thus purchased is the property involved in this suit.

In 1856 the Legislature passed the act of that year (page 26) reading as follows:

"An act to amend the third section of an act entitled 'An act to incorporate the Gretna Academy,' approved March tenth, eighteen hundred and forty-five.

"Section 1. Be it enacted by the Senate and House of Representatives of the state of Louisiana in General Assembly convened, that the third section of the above-mentioned act, which reads thus: 'That so soon as the aforesaid academy is incorporated, five directors shall be elected, by giving ten days' notice, and hereafter, annually, on the first Monday in January, five directors shall be elected by the subscribers of the association, those only being eligible to vote for directors of said company who have subscribed five dollars and over,' be amended and re-enacted so as to read as follows: 'That on the first Monday of January in each and every year, there shall be elected five directors by the qualified voters residing in the school district, as is now or may be hereafter determined by the police jury of the parish of Jefferson, and that none but a stockholder of the association, a qualified voter under the Constitution and laws of the state, residing within said school district, shall be eligible as a director.' "

In 1916, the Legislature passed the act of that year (page 369) reading as follows:

"An act to authorize any stockholder or any member of the board of directors of the Gretna Academy, of the parish of Jefferson, to provoke a judicial liquidation of the property, funds, and affairs of the Gretna Academy, incorporated by the state of Louisiana by Act 153 of 1845, as amended by Act 34 of 1856, and especially empowering said judicial liquidator to sue for and to recover and administer and sell all of the property belonging to said 'Gretna Academy,' due notice of the intention to apply for the passage of this act having been published as required by article 50 of the Constitution of 1913.

"Whereas, by Act 153 of 1845 the Legislature of Louisiana created and incorporated the 'Gretna Academy' into a body politic solely for edu-

cational purposes for the benefit of the children and inhabitants of the First school district of the parish of Jefferson; and

"Whereas, by Act 34 of 1856 the Legislature re-enacted section 3 of said Act 153 of 1845, by which it was provided that five directors should be elected on the first Monday of January of each and every year by the qualified voters residing in the said school district and providing that none but a stockholder or a qualified voter under the Constitution and laws of this state, residing within said school district shall be eligible as a director; and

"Whereas, no board of directors has been elected to administer the affairs of said Gretna Academy since January 15th, 1900, and no meeting of the said board of directors elected on said date has been held since May 11th, 1900, and no use has been made of the said property for school or other purposes since the year 1911 and said property is in a dilapidated and uninhabitable condition and said corporation has practically become defunct and has ceased to exercise the power and authority conferred upon it and to make use of the property belonging to it under its charter; and

"Whereas, no one could be possibly authorized or capacitated to represent or act for it after the dates above set forth, and its affairs have remained unliquidated and unsettled and the property has been going to ruin from that time until this, and

"Whereas, under the Act 153 of 1845, being the act incorporating the 'Gretna Academy,' as amended by Act 34 of 1856, no stockholders or creditors are authorized by said acts or by the general law to liquidate this corporation, and it being a matter of public and general interest that the wise, benevolent purposes of the original incorporators and the Legislature to aid and encourage the diffusion of public enlightenment and education be conserved by furnishing adequate remedy for the securing, preservation and proper use of the property and funds of said derelict corporation; Therefore,

"Section 1. Be it enacted by the General Assembly of the state of Louisiana, that any stockholder, or any member of the last elected board of directors of the Gretna Academy, of the parish of Jefferson, be and they are hereby granted the right of action to provoke a judicial liquidation of the affairs, funds and property of the corporation known as the 'Gretna Academy,' of Jefferson parish, and empowering the said judicial liquidator to sue for all property, real and personal, acquired by said Gretna Academy, its stockholders and directors, and belonging to same; that said judicial liquidator be, and he is hereby, authorized to take possession of the said property and funds of the said Gretna Academy and administer same for the benefit of the public schools of the second and third wards of the parish of Jefferson; provided, that the right to make any and all legal and equitable defenses is reserved to all persons or corporations who may have any claim to any of the property or funds belonging to the said Gretna Academy.

"Sec. 2. Be it further enacted, etc., that the said judicial liquidator, after furnishing bond in a sum to be determined by the court, shall be authorized to sell at public auction or otherwise all of the property belonging to or recovered for the said Gretna Academy, upon such terms as he may deem advisable; provided, that the authority to make said sale must be obtained from the judge of the district court of the parish of Jefferson after ten days' publication of the notice of the intended sale and the terms thereof made in a newspaper in the city of Gretna; provided further, that any person in interest shall have the right to oppose the granting of said order providing for the sale and the terms of said sale, in the same manner as opposition to the accounts of receivers are made.

"Sec. 3. Be it further enacted, etc., that after the sale of said property by the said judicial liquidator he shall have the power to refund to all living stockholders the amount of their stock subscription, provided claim is made therefor within ten days after notice of the filing of his final account; and the balance of said funds remaining, after deducting the expenses of said proceedings, shall be turned over to the board of school directors of Jefferson parish, with the understanding that said funds must be reinvested by said school board in the construction of a schoolhouse or the purchase of school equipment for the benefit of the school children of the city of Gretna.

"Sec. 4. Be it further enacted, etc., that all laws or parts of laws contrary to, or in conflict with, the provisions of this act be and are hereby repealed."

The recitals in this act cover the facts of this case. We may add that while the said legislation speaks of stockholders, there never were any stockholders properly so called. The evidence shows that whatever funds were contributed towards the establishment and maintenance of said academy were so contributed as pure donations, and mostly in very small sums. For instance, the contribution of the plaintiff in this case was only of $5, and was made for the purpose of qualifying for election as a director. And, again, the evidence shows that on one occasion a lot of school children were qualified as stockholders, so called, by each contributing a small sum, in order to be able to vote at a certain election in order to carry the election. None of the original contributors, or those who contributed towards the purchase of the grounds and building, is living. Of

those who have at one time or another contributed towards the maintenance of the academy, 15 are known to be living.

Acting under the said statute of 1916, the plaintiff, Cox, caused himself to be appointed judicial liquidator of the academy by the district court of the parish of Jefferson, and later on obtained an order for the sale of the said real estate. At the sale the Union Seed & Fertilizer Company became the adjudicatee; but, it having refused to accept title, the present proceeding was instituted to compel it to do so. It assigns, as its ground for so refusing, that the said Act 150 of 1916 is unconstitutional, in that it undertakes to divest the said corporation, and particularly the stockholders of said corporation, of their property without due process of law, and denies to them the equal protection of the laws, in contravention of article 2 of the Constitution of Louisiana and article 14 of the Constitution of the United States; and on the further ground that, in the passage of the said act, the Legislature exceeded its authority by passing a special act providing for the liquidation of a corporation and the diversion of the assets thereof from the stockholders.

[1, 2] We find no merit in this defense. The evidence shows that the contributions made towards the said academy were gifts pure and simple, in which the donors retained no interest; and it shows, further, that the work of providing a free public school for which the said academy was designed is now being done by the public schools of the state; that the said so-called academy has no endowment, and never has had any other source of revenue than such voluntary contributions as were made by the citizens of Gretna for maintaining a free public school, and that these contributions have now ceased, so that the said academy is now no longer, and can never hereafter, be a going concern; and the said property can no longer be put to the use for which it was given by the so-called stockholders.

Under these circumstances, the proper thing to be done was what has been done by the said Act 150 of 1916.

"On dissolution the property of a charitable organization does not revert to the donors, nor may it be divided among the members of the association, but it should be devoted to the purposes most nearly akin to the intent of the donors under the direction of the court." 6 Cyc. 977; Succession of Vance, 39 La. Ann. 371, 2 South. 54.

"Where a charitable corporation is dissolved, and no private donor, or founder appears to be entitled to its real estate, * * * the government, or sovereign authority, as the chief guardian of the state, either through its judicial tribunals or otherwise, necessarily has the disposition of the funds of such corporation, to be exercised, however, with due regard to the objects and purposes of the charitable uses to which the property was originally devoted, so far as they are lawful and not repugnant to public policy." Church of Jesus Christ, L. D. S., v. United States, 136 U. S. 47, 10 Sup. Ct. 792, 34 L. Ed. 481.

[3] Under the doctrine of cy pres the Chancery Court in England would administer this property and attribute it to the use approximating most nearly the one for which the fund was created. This function in this country, in this state at least, appertains to the Legislature. 5 R. C. L. 268; 12 Cyc. 1191.

The judgment was in favor of plaintiff, compelling acceptance of the title.

Judgment affirmed.

LECHE, J., takes no part.